VELDHUIS v CENTRAL MICHIGAN COMMUNITY HOSPITAL

Docket No. 75207. Submitted June 26, 1984, at Grand Rapids.—Decided March 12, 1985. Leave to appeal denied, 422 Mich 968.

    Defendant Central Michigan Community Hospital, a private community hospital, notified plaintiff, Andrew H. Veldhuis, M.D., that his staff privileges at the hospital were being suspended. Plaintiff brought an action in Isabella Circuit Court against the hospital and its administrator, Glenn E. Lowery, seeking an injunction and alleging a denial of due process. The circuit court, Paul F. O'Connell, J., granted defendants' motion for accelerated judgment, finding that the court lacked subject-matter jurisdiction to review the hospital's decision. Plaintiff appealed. *Held:*

    A private hospital has a right to exclude any physician from practicing therein, and neither the action of the hospital authorities in refusing to appoint a physician to its staff or in declining to renew an appointment nor the method by which that decision is reached is subject to judicial review.

    Affirmed.

HOSPITALS — PRIVATE HOSPITALS — PHYSICIANS AND SURGEONS — JUDICIAL REVIEW.

    A private hospital has a right to exclude any physician from practicing therein, and neither the action of the hospital authorities in refusing to appoint a physician to its staff or in declining to renew an appointment nor the method by which that decision is reached is subject to judicial review.

*Fortino, Plaxton & Moskal* (by *Alfred J. Fortino*), for plaintiff.

*Devine, Devine, Kantor & Serr* (by *Allyn D. Kantor*), for defendants.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Hospitals and Asylums §§ 8-11.

Before: R. M. MAHER, P.J., and BRONSON and G. R. McDONALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting accelerated judgment under GCR 1963, 116.1(2), based on lack of subject-matter jurisdiction. The sole issue is whether the circuit court had jurisdiction to review defendants' decision to suspend plaintiff's staff privileges at the hospital.

Plaintiff is a medical doctor specializing in obstetrics and gynecology. Defendant Central Michigan Community Hospital is a private community hospital and a Michigan non-profit corporation. Defendant Lowery is the administrator of the hospital.

Plaintiff had staff privileges at the hospital for upwards of twenty years. He was advised on or about November 7, 1983, that his privileges were being suspended and that he had a right to a hearing, which was set for November 15, 1983. The action was taken pursuant to a recommendation of the hospital's Medical Executive Committee, which in turn was based on audits which had found substandard care by plaintiff. The notice cited over 400 cases of alleged inappropriate conduct extending over a period of more than four years. On November 9, 1983, plaintiff received an amended notice which listed over 300 cases.

Plaintiff filed an application in the circuit court for a restraining order and an order to show cause why a temporary injunction should not be entered until the complaint could be heard. The complaint alleged that plaintiff was being denied procedural due process under the federal and state constitutions. The restraining order was granted and a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hearing was set to determine whether an injunction should issue.

Defendants moved for accelerated judgment. The trial court granted the motion, finding that it lacked subject-matter jurisdiction to review a private hospital's decision to suspend a staff physician's privileges. Plantiff appeals.

A similar issue was decided in *Hoffman v Garden City Hospital-Osteopathic,* 115 Mich App 773; 321 NW2d 810 (1982), *lv den* 417 Mich 1027 (1983). In *Hoffman,* the defendant hosptial was a nonprofit licensed osteopathic hospital and was tax-exempt as a charitable institution. The plaintiffs filed suit alleging that they were unlawfully denied staff privileges at the hospital. The plaintiffs argued that the hospital was so "affected with a public interest" as to require that its decisions on staff privileges be subject to judicial review in order to protect the public.

The Court of Appeals found that such decisions by a private hospital were not subject to judicial review, noting the important distinction between public and private hospitals:

"In *Milford v People's Community Hospital Authority,* 380 Mich 49; 155 NW2d 835 (1968), the Court found a denial of due process when a public hospital restricted the privileges of a staff physician without proper standards. See also *Touchton v River Dist Community Hospital,* 76 Mich App 251; 256 NW2d 455 (1977). However, the Court in *Milford* was careful to note the public/ private distinction:

" 'It is to be noted that we deal here with a public hospital authority and not with a private or charitable institution.' *Milford, supra,* 57." *Hoffman, supra,* p 777.

The *Hoffman* Court adopted the majority viewpoint that a private hospital has the power to

appoint and remove members at will without judicial intervention:

"In one of the earlier and one of the strongest statements on this issue, the Court in *Shulman v Washington Hospital Center,* 222 F Supp 59 (D DC, 1963), *remanded with instructions* 121 US App DC 64; 348 F2d 70 (1965), *aff'd on reh* 319 F Supp 252 (D DC, 1970), concluded that the decisions of the governing bodies of private hospitals are not subject to judicial review. As in the case at bar, *Shulman* involved a suit against a private hospital questioning the power and authority of a hospital to preclude a physician from membership on the staff of the hospital. The Court stated:

" 'We now reach the specific question involved in the case at bar, namely, whether a private hosptial has power to appoint and remove members of its medical staff at will, and whether it has authority to exclude in its discretion members of the medical profession from practising in the hospital. The overwhelming weight of authority, almost approaching unanimity, is to the effect that such power and authority exist. The rule is well established that a private hospital has a right to exclude any physician from practising therein. The action of hospital authorities in refusing to appoint a physician or surgeon to its medical staff, or declining to renew an appointment that has expired, or excluding any physician or surgeon from practising in the hospital, is not subject to judicial review. The decision of the hospital authorities in such matters is final.' 222 F Supp 63." *Hoffman, supra,* pp 778-779.

We agree with *Hoffman* and accordingly hold that defendant hospital's decision to suspend plaintiff's staff privileges is not subject to review by the circuit court.

Plaintiff argues that, notwithstanding the *Hoffman* rule, the procedures by which the hospital reached its decision are subject to judicial review. Plaintiff cites MCL 333.21513; MSA 14.15(21513),

which requires hospitals to assure that physicians admitted to practice in the hospital are organized into a medical staff to enable an effective review of the professional practices in the hospital. Plaintiff asserts that the "effective review" in the statute must comply with procedural due process. However, we find that the *Hoffman* rule discussed above precludes judicial review of both a private hospital's decision on staff privileges and the method by which the hospital personnel reached that decision. We futher find nothing in the cited statute which would entitle a physician to procedural due process in this context.

Affirmed.