## SARIN v SAMARITAN HEALTH CENTER

Docket No. 104629. Submitted February 2, 1989, at Detroit. Decided
May 1, 1989. Leave to appeal applied for.

Chaman Sarin, a medical doctor, had his staff privileges termi-
nated by Samaritan Health Center. Sarin brought an action in
federal district court against Samaritan and others alleging
violation of federal and state antitrust laws, hospital bylaws,
rules and regulations, due process rights under the state and
United States constitutions, and setting forth a state law tort
claim for intentional interference with advantageous business
relations. The court treated the violation of hospital bylaws and
due process rights claims as withdrawn, held that the act of
revoking plaintiff's staff privileges fell outside the purview of
both the federal and state antitrust laws, and dismissed the
tortious interference claim for lack of subject matter jurisdic-
tion. Sarin then brought an action in the Wayne Circuit Court
against the same defendants alleging breach of contract against
Samaritan by violation of its bylaws, tortious interference with
contract against the individual defendants by conspiring to
induce the hospital to breach the contract and tortious interfer-
ence with advantageous business relationships. The court, Mar-
ianne Battani, J., granted summary disposition for defendants
on the ground that judicial intervention was not permitted in
the decision of a private hospital to terminate a doctor. Plain-
tiff appealed.

The Court of Appeals *held:*

1. There is no judicial review of a private hospital's decision
to terminate medical staff privileges or of the methods by
which the hospital personnel reached the decision to terminate.
Consideration of plaintiff's claims would necessarily have in-
volved a review of the decision to terminate and the methods or
reasons behind the decision.

2. Statements of plaintiff's counsel before the Sixth Circuit
Court of Appeals did not bar plaintiff's action.

3. Plaintiff's breach of contract and tortious interference with

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 8-10.
Exclusion of or discrimination against physician or surgeon by
hospital. 37 ALR3d 645.

advantageous business relationships claims were not barred by res judicata.

4. The court did not err in denying defendants' motion for sanctions.

Affirmed.

HOSPITALS — STAFF PRIVILEGES — TERMINATION OF STAFF PRIVILEGES — JUDICIAL REVIEW.

There is no judicial review of a private hospital's decision to terminate medical staff privileges or of the methods by which the hospital personnel reached the decision to terminate.

*Googasian, Hopkins, Rogers, Hohauser & Forhan* (by *Stephen J. Hopkins*), for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *David A. Ettinger* and *Regis A. Cabozza*), for defendant.

Before: DANHOF, C.J., and BEASLEY and MAC-KENZIE, JJ.

BEASLEY, J. Plaintiff, Chaman Sarin, a medical doctor, appeals as of right from an order granting summary disposition to defendants under MCR 2.116(C)(8). Defendants Samaritan Health Center and others cross-appeal from the denial of their motion for sanctions requested under MCR 2.114. We affirm both orders.

This case arises out of termination of plaintiff's medical staff privileges at defendant Samaritan Health Center, a private hospital. Initially, plaintiff filed a complaint in federal court alleging a variety of federal and state claims. Summary disposition was granted defendants on the claims, which order was affirmed on appeal by the federal Sixth Circuit Court of Appeals.[1]

Plaintiff then started the within suit in the state court. In his first amended complaint, plaintiff alleged breach of contract against defendant Sa-

[1] 813 F2d 755 (1987).

maritan Health Center by violation of its bylaws in considering his staff privileges, tortious interference with contract against the individual defendants by their alleged conspiracy to induce the hospital to breach the contract, and tortious interference with advantageous business relationships against all defendants, who allegedly intentionally and improperly instigated and conducted the malicious investigation of plaintiff.

Without even filing an answer, defendants brought a motion for summary disposition under MCR 2.116(C)(8) on the grounds that plaintiff failed to state a claim since, under Michigan law, defendant Samaritan's decision to terminate staff privileges was not subject to judicial review. Defendants also argued that summary disposition under MCR 2.116(C)(7) was proper because plaintiff's claims based on alleged violations of the medical staff bylaws were barred by res judicata arising out of the federal court's decision. Finally, defendants claimed that plaintiff violated MCR 2.114 by filing a claim that he had admitted was barred by Michigan law and requested that sanctions be imposed.

After a hearing, the trial judge granted defendants' motion for summary disposition on the ground that judicial intervention was not permitted in the decision of a private hospital to terminate a doctor such as plaintiff.

On appeal, plaintiff says his allegations entitle him to relief on the legal theories of breach of contract, tortious interference with contract and tortious interference with business relationship. In general, *Hoffman v Garden City Hospital-Osteopathic* [2] and *Veldhuis v Central Michigan*

[2] 115 Mich App 773; 321 NW2d 810 (1982), lv den 417 Mich 1027 (1983).

*Community Hospital* [3] stand for the proposition that a private hospital has the power to appoint and remove members at will without judicial intervention. The denial, limitation or termination of medical staff membership or privileges is treated differently depending on whether the hospital or medical facility is a public or private institution. In *Hoffman, supra,* we said:

"We now reach the specific question involved in the case at bar, namely, whether a private hospital has power to appoint and remove members of its medical staff at will, and whether it has authority to exclude in its discretion members of the medical profession from practising in the hospital. The overwhelming weight of authority, almost approaching unanimity, is to the effect that such power and authority exist. The rule is well established that a private hospital has a right to exclude any physician from practising therein. The action of hospital authorities in refusing to appoint a physician or surgeon to its medical staff, or declining to renew an appointment that has expired, or excluding any physician or surgeon from practising in the hospital, is not subject to judicial review. The decision of the hospital authorities in such matters is final."[4]

In *Hoffman,* we held that there can be no judicial review of a private hospital's decision to terminate medical staff privileges even to ensure that it was not arbitrary, capricious or unreasonable, or of the methods by which the hospital personnel reached the decision to terminate.[5]

---

[3] 142 Mich App 243; 369 NW2d 478 (1985), lv den 422 Mich 970 (1985).

[4] *Hoffman, supra,* pp 778-779, quoting *Shulman v Washington Hospital Center,* 222 F Supp 59, 63 (D DC, 1963), remanded with instructions 121 US App DC 64; 348 F2d 70 (1965), aff'd on reh 319 F Supp 252 (D DC, 1970).

[5] *Veldhuis, supra,* p 247; *Dutka v Sinai Hospital of Detroit,* 143

Plaintiff argues that his contract with the hospital included the hospital's bylaws and that defendants' failure to follow the bylaws establishes a breach of contract claim which the court can review without interfering with the medical staffing decisions of the hospital. We do not agree. Plaintiff does not specifically or separately address the tortious interference with contract or advantageous relationship claims on appeal.

Although plaintiff contends that he is not asking for review of whether there was a violation of due process or fair procedure, we believe consideration of his breach of contract claim would necessarily involve a review of the decision to terminate and the methods or reasons behind that decision, thus making a mockery of the rule that prohibits judicial review of such decisions by private hospitals. For example, in *Veldhuis, supra,* we said:

> [T]he *Hoffman* rule discussed above precludes judicial review of both a private hospital's decision on staff privileges and the method by which the hospital personnel reached that decision.[6]

In *Dutka v Sinai Hospital,*[7] we said:

> [W]hile plaintiff has attempted to plead an action in contract, our reading of the complaint leads us to the conclusion that he actually is seeking judicial intervention into the decision of a private hospital to deny him staff privileges. A decision of this nature is not a proper matter for judicial intervention. *Hoffman v Garden City Hospital-Osteopathic,* 115 Mich App 773; 321 NW2d

---

Mich App 170, 175; 371 NW2d 901 (1985), lv den 424 Mich 891 (1986), reconsideration den 424 Mich 891 (1986); *Bhogaonker v Metropolitan Hospital,* 164 Mich App 563, 566; 417 NW2d 501 (1987), lv den 429 Mich 898 (1988).

[6] *Veldhuis, supra,* p 247.

[7] *Supra,* p 175.

810 (1982), *lv den* 417 Mich 1027 (1983); *Regualos v Community Hospital,* 140 Mich App 455; 364 NW2d 723 (1985).

In *Bhogaonker v Metropolitan Hospital,*[8] the most recent Michigan case on the issue where the plaintiff doctor claimed that termination of his employment for economic reasons was a breach of contract, we said:

> In any event, we also agree with the trial court's determination that it lacked subject matter jurisdiction in this case. Although plaintiff alleged breach of contract in this case, it is clear beyond peradventure that plaintiff is actually seeking judicial intervention into a decision of a hospital to terminate his employment as a physician due to economic necessity. Such a decision is not subject to review by the circuit court.

While there may be some situations where a court should be able to consider a hospital's action without violating the principle of nonreviewability, this case is not of that sort. Plaintiff's various claims revolve around questions regarding who the hospital review proceedings advanced, the composition of the board, its sources of information, claimed inaccurate information, and the actual decision to suspend and terminate his privileges. Moreover, plaintiff's tort claims are based on alleged violations of the bylaws. Thus, we believe the trial court properly concluded that it could not review plaintiff's claims without intervening in the hospital's decision and interfering with the peer review process. In so ruling, we repeat our adherence to and support of the rule that prohibits judicial review of the action of a private hospital in denying staff privileges to a doctor.

[8] *Supra,* p 566.

While our disposition of this issue in favor of defendants disposes of the appeal, we nevertheless will address plaintiff's other arguments on appeal.

Plaintiff claims that statements of his counsel before the Sixth Circuit Court of Appeals do not bar this action. We agree. Statements by counsel regarding the law cannot be treated as a party admission or be binding on the court.[9] However, the trial court did not rely on these alleged statements in granting summary disposition to defendants.

Plaintiff also argues that the doctrine of res judicata does not bar his claims. Defendants argue that plaintiff's claims of breach of contract and tortious interference with contract were dismissed with prejudice by the federal district court and are, therefore, barred by res judicata in the state court. Defendants rely on a ruling from the federal district court's opinion stating that, in light of the court's dismissal of the due process, antitrust and bylaws violation claims, the court lacked subject matter jurisdiction over the claim of tortious interference with advantageous business relations. Plaintiff argues that the federal court's dismissal is not res judicata because its finding that "a private state hospital's decision to revoke the privileges of a physician is not subject to judicial review in a Federal Court" only purported to find that there was no claim under federal law. Further, plaintiff, relying on the conclusion of the sixth circuit that the district court's dismissal of the claims for violation of bylaws was without prejudice, argues that a federal court dismissal without prejudice is not an adjudication of the claims made and that, therefore, res judicata will not bar plaintiff from bringing the claims before a

[9] *Bradway v Miller,* 200 Mich 648, 655; 167 NW 15 (1918); *Michigan Health Care, Inc, v Flagg Industries, Inc,* 67 Mich App 125, 130; 240 NW2d 295 (1976).

state court.[10] On the latter score, we are in agreement with plaintiff.

In the federal complaint, plaintiff alleged violation of federal and state antitrust laws, hospital bylaws, rules and regulations, and due process rights under the Michigan and United Sates Constitutions, and set forth a state law tort claim for intentional interference with advantageous business relations. The district court judge noted that plaintiff only answered defendants' challenges as to three of those counts and stated that, therefore, "the Court deems that he has withdrawn Count II, Violation of the Hospital's By-Laws, and Count V, Violation of his Due Process Rights." The court concluded that defendants' actions in revoking plaintiff's staff privileges fell outside the purview of both the federal and state antitrust laws. Then, dismissing for lack of subject matter jurisdiction the tortious interference with advantageous relation claim, the court noted its dismissal of the due process, antitrust and bylaws violation claims. The district court concluded as follows:

> Defendants' Motion to Dismiss is granted. Plaintiff did not challenge Defendants' Motion with respect to his Due Process and By-Laws' violation claims. The Court concludes, nevertheless, that a private state hospital's decision to revoke the privileges of a physician is not subject to judicial review in a Federal Court. As a matter of law, the Court holds that the Anti-Trust Laws, both Federal and State, do not apply to Defendants' decision to nullify Plaintiff's staff privileges. The Court lacks subject matter jurisdiction over the State tort claim.

At the outset, we note that, because the federal

---

[10] *Roberts v City of Troy,* 170 Mich App 567, 577-578; 429 NW2d 206 (1988), citing *Annabel v CJ Link Lumber Co,* 417 Mich 950 (1983).

court was required to apply state law to the by-laws violation claims, it could not, as plaintiff argued, have applied "federal law."

The district court's holding could be read as a dismissal of the due process and bylaws violation claims on the merits because the hospital's decision to revoke privileges was not subject to judicial review. However, the sixth circuit affirmed the dismissal of plaintiff's due process claims on other grounds, relying on authority that it could ignore any erroneous basis relied upon by the district court. Making no reference to the district court's conclusion that the hospital's decision was not subject to judicial review, the sixth circuit concluded that the trial judge did not rule on the remaining state claims, including those involving violation of the hospital bylaws. The sixth circuit concluded as follows:

> Therefore, plaintiff's claims involving the hospital by-laws and his claim for intentional interference of advantageous business relations were properly dismissed *without prejudice*. [Emphasis added.]

Since the district court would be bound by the sixth circuit's interpretation of its decision, we find plaintiff's claims involving the violation of hospital bylaws were dismissed without prejudice and, therefore, relitigation of the claim in state court was not barred by res judicata.[11]

In their cross-appeal, defendants claim that sanctions should have been imposed against plaintiff pursuant to MCR 2.114 for bringing this lawsuit. MCR 2.114(D)(2), modeled after FRCP 11, requires a signature to certify that

---

[11] *Roberts, supra*, pp 577-578.

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

The trial court's finding of fact that the court rule was not violated may not be set aside unless clearly erroneous.[12] In the within case, the trial court noted that it took careful consideration of the cases presented before deciding that plaintiff's claims should be dismissed since the cases left open a possible interpretation favorable to plaintiff, concluding:

I don't think it has merit, but I do think that there is enough there to allow a party to come into court, and therefore, I'm not going to grant sanctions.

If I were able to read this and just dismiss it summarily with the confidence that you argued here, counsel, I would maybe support you, but I do not.

We do not believe the trial court's findings are clearly erroneous. There was no error in denying imposition of sanctions. Consequently, we affirm the order granting defendants' motion for summary disposition and the order denying defendants' motion for sanctions.

Affirmed. No costs, neither party prevailing in full.

---

[12] *Burke v Burke*, 169 Mich App 348, 352; 425 NW2d 550 (1988); MCR 2.613(C); *Albright v The Upjohn Co*, 788 F2d 1217, 1222 (CA 6, 1986).