TYSZKA v TYSZKA

Docket No. 148606. Submitted February 10, 1993, at Detroit. Decided June 21, 1993, at 9:10 A.M. Leave to appeal denied, 444 Mich —.

Henry Tyszka brought an action in the Wayne Circuit Court against Michele Tyszka, seeking a divorce and custody of their children. The parties had married in France, moved to Michigan, and moved back to France, where the defendant continues to reside. The plaintiff brought the children to Michigan, where they remained until he filed the action for divorce. The court, Samuel A. Turner, J., entered an ex parte interim order that awarded custody of the children to the plaintiff. The court, on motion by the defendant, subsequently modified the interim order and directed the plaintiff to return the children to the defendant in France, ruling that the plaintiff's retention of the children in Michigan was wrongful under Article 3 of the 1980 Hague Convention on the Civil Aspects of International Child Abduction, adopted in the United States as the International Child Abduction Remedies Act, 42 USC 11601 *et seq.* The court ultimately issued a judgment of divorce, awarded legal custody of the children jointly to the parties and physical custody to the defendant, divided an investment account equally between the parties, and denied the defendant's request for attorney fees pursuant to Article 26 of the Hague Convention. The plaintiff appealed and the defendant cross appealed.

The Court of Appeals *held:*

1. The trial court erred in deciding the issue of child custody, requiring the vacation of the part of the judgment that relates to custody. Article 12 of the Hague Convention provides that if a judicial authority finds that the removal or retention of a child is wrongful under Article 3, it must order the return of the child forthwith to the place of its habitual residence. The issue of custody is then decided in the place of habitual residence by a tribunal with subject-matter jurisdiction. In this

REFERENCES

Am Jur 2d, Divorce and Separation §§ 963 *et seq.*; Process § 379.
See ALR Index under Civil Procedure Rules; Conflict of Laws; Custody and Support of Children; Foreign Countries; Treaties.

case, the issue of child custody must be decided by a tribunal in France.

2. Because no frivolous claim was presented, the trial court correctly denied the defendant's request for attorney fees.

3. In light of the length of the parties' marriage and their contributions to the marriage, the division of the investment account was equitable.

Judgment vacated in part.

PARENT AND CHILD — CHILD CUSTODY — HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION — INTERNATIONAL CHILD ABDUCTION REMEDIES ACT.

Where a court finds that the removal or retention of a child is wrongful under the Hague Convention on the Civil Aspects of International Child Abduction, it must order the return of the child forthwith; the issue of custody of the child is then decided in the place of the child's habitual residence by a tribunal with proper subject-matter jurisdiction (42 USC 11601 *et seq.*).

*James N. Renfroe,* for the plaintiff.

*Prather & Foley, P.C.* (by *Kenneth E. Prather* and *James R. Stearns*), for the defendant.

Before: JANSEN, P.J., and CAVANAGH and P. D. SCHAEFER,* JJ.

CAVANAGH, J. Plaintiff Henry Tyszka, a Michigan resident, appeals as of right from a January 16, 1992, judgment of divorce awarding him and defendant Michele Tyszka joint custody of their children, with defendant awarded physical custody. Defendant, a resident of France, cross appeals by leave granted. The parties challenge the trial court's jurisdiction and its decisions regarding custody, division of the marital assets, and a request for attorney fees. We vacate that part of the judgment relating to the custody of the parties' children and in all other respects affirm.

According to the record, the parties were mar-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ried in France on February 15, 1986, and moved to Michigan one month later. The family returned to France in June of 1989, and the evidence indicates that their intent was to reside in France permanently.

On August 11, 1990, plaintiff and the children came to Michigan for a vacation, with the understanding that they would return at the start of the school year in September. On September 4, 1990, plaintiff informed defendant that he was going to remain in Michigan with the children and that he had filed for divorce in the Wayne Circuit Court and obtained an ex parte interim order awarding him custody of the children.

Defendant moved for a modification of the ex parte interim custody order on the basis of the 1980 Hague Convention on the Civil Aspects of International Child Abduction. 42 USC 11601 *et seq.* (International Child Abduction Remedies Act.) In an opinion issued on February 21, 1991, the trial court determined that, "under Article 3 of the Hague Convention, plaintiff's retention of the children was wrongful and defendant would appear to be entitled to an order directing plaintiff to return the children." Regarding other pending matters, the trial court decided to "hold in abeyance any consideration of the custody issue beyond ordering that the children be returned to their mother in France, until such time as the appropriate French court adjudicates the issue." Defendant's request for attorney fees, brought under Article 26 of the Hague Convention, was taken under advisement.

Notwithstanding the opinion issued in February, the trial court then conducted a divorce and custody proceeding and issued a judgment of divorce in which joint legal custody was awarded to both parties, a Fidelity Investment Fund Account was

divided equally, and each party was made responsible for their respective attorney fees.

On appeal, plaintiff claims that the trial court failed to make findings of fact regarding the best interests of the children, pursuant to MCL 722.23; MSA 25.312(3), and that any findings of fact were against the great weight of the evidence. On cross appeal, defendant claims that the issue of custody should have been left to the French courts, that the equal division of the Fidelity Investment Fund Account was an abuse of discretion, and that she is entitled to attorney fees. Because we agree with defendant that France should decide the merits of the custody issue, we have no reason to address the claims raised in plaintiff's appeal. With respect to the division of the marital assets and the payment of attorney fees, we find no abuse of discretion.

In 1986, the United States ratified the Hague Convention on the Civil Aspects of International Child Abduction. The enabling legislation giving force to this convention was enacted shortly thereafter as the International Child Abduction Remedies Act. 42 USC 11601-11610. The convention's goal is to curb international abductions of children by providing judicial remedies to those seeking the return of a child who has been wrongfully removed.

Under Article 3, the removal or retention of a child is to be considered wrongful where:

   a. it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone under the law of the State in which the child was habitually resident immediately before the removal or retention; and
   b. at the time of removal or retention those rights were actually exercised, either jointly or

alone, or would have been so exercised but for the removal or retention.

Pursuant to Article 16, a judicial authority, after receiving notice of a wrongful retention, "shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of notice." Furthermore, under Article 12, if a wrongful retention is found and the exceptions found in Article 13 do not apply, the judicial authority of the "Contracting State where the child is . . . shall order the return of the child forthwith." The issue of custody would then be decided in the place of habitual residence by a tribunal with subject-matter jurisdiction. See *Tahan v Duquette,* 259 NJ Super 328, 332; 613 A2d 486 (1992); *Sheikh v Cahill,* 145 Misc 2d 171, 178; 546 NYS2d 517 (1989). Also see 51 Fed Reg 10505 (1986), which explains that the "Convention is premised upon the notion that the child should be promptly restored to his or her country of habitual residence so that a court there can examine the merits of the custody dispute and award custody in the child's best interest."

In this case, the trial court determined that the children had been wrongfully retained in this country by their father and that they should be returned to their mother in France. Given these initial determinations, we are firmly convinced that the issue of custody should be resolved by a French tribunal with subject-matter jurisdiction.

Defendant also challenges the trial court's decisions denying her request for attorney fees and awarding plaintiff an equal share of a Fidelity Investment Fund Account. With respect to the

request for attorney fees, the trial court concluded, and we must agree, that a frivolous claim was not presented. See *Sarin v Samaritan Health Center,* 176 Mich App 790, 799; 440 NW2d 80 (1989). Consequently, the trial court's denial of fees is affirmed. With respect to the division of the Fidelity Investment Fund Account, the division seems equitable in light of the length of the marriage and the contributions of both parties to the marriage. See *Sparks v Sparks,* 440 Mich 141, 159-160; 485 NW2d 893 (1992).

We vacate that part of the divorce judgment that relates to the custody of the parties' children and in all other respects affirm.