VELDHUIS v ALLAN

Docket No. 92411. Submitted June 3, 1987, at Lansing. Decided September 2, 1987.

The staff privileges of Andrew H. Veldhuis, M.D., a staff physician at Central Michigan Community Hospital, were terminated following a hearing by a hospital review board. Veldhuis filed suit against Christian Allan, M.D., and others involved in the decision to terminate his staff privileges in Isabella Circuit Court claiming that defendants are not entitled to the statutory immunity conferred upon persons and review entities by the act which provides for the release of information for medical research and education purposes and the limitation of liability with respect thereto because the defendants acted with malice. The court, Paul F. O'Connell, J., granted defendants' motion for summary disposition, finding that there was no genuine issue of material fact. Plaintiff appealed.

The Court of Appeals *held:*

1. The definition of malice applicable in defamation actions is appropriate in actions invoking the malice exception to the immunity conferred upon persons and review entities in releasing information for medical research and education. Thus, the statutory immunity does not apply only if the person supplying information or data does so with knowledge of its falsity or with reckless disregard of its truth or falsity. Similarly, a review entity is not immune from liability if it acts with knowledge of the falsity, or with reckless disregard of the truth or falsity, of information or data which it communicates or upon which it acts. In this case, plaintiff presented no evidentiary support for his allegations of malice.

2. To the extent plaintiff complains of the decision of the

REFERENCES

Am Jur 2d, Public Officers and Employees §§ 358 *et seq.*

Libel and slander: Public officer's privilege as to statements made in connection with hiring and discharge. 26 ALR3d 492.

Immunity and public officials from personal liability in civil rights actions brought by public employees under 42 USCS sec. 1983. 63 ALR Fed 744.

Liability of federal government officer or employee for causing discharge or separation of subordinate. 5 ALR Fed 961.

board of trustees to revoke plaintiff's privileges rather than to direct that he be monitored, judicial review is not available.

3. The record which might be developed at trial would not justify reasonable minds in concluding that defendants acted with malice.

Affirmed.

1. HEALTH — MEDICAL CARE — REVIEW ENTITIES — RELEASE OF INFORMATION — TORTS — IMMUNITY — MALICE.

The statutory immunity from liability of any kind provided to persons, organizations, or entities which provide to a review entity information or data relating to the necessity, appropriateness, or quality of health care rendered to any person applies unless the persons, organizations, or entities supplying the information or data do so with knowledge of its falsity or with reckless disregard of its truth or falsity (MCL 331.531; MSA 14.57[21]).

2. HEALTH — MEDICAL CARE — REVIEW ENTITIES — TORTS — IMMUNITY.

A review entity is not entitled to the statutory immunity from liability granted by the act which provides for the release of information for medical research and education purposes and the limitation of liability with respect thereto if it acts with knowledge of the falsity, or with reckless disregard of the truth or falsity, of information or data which it communicates or upon which it acts (MCL 331.531; MSA 14.57[21]).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Donald L. Reisig* and *Kathleen Corkin Boyle*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Edmond F. DeVine*), for all appellees except Davis Clinic.

*McGraw & Borchard, P.C.* (by *John W. McGraw*), for Davis Clinic.

Before: D. F. WALSH, P.J., and CYNAR and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff Andrew H. Veldhuis,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

M.D., appeals from the circuit court order granting summary disposition to defendants Christian Allan, M.D., John M. Caldwell, M.D., Jennifer L. Brendle-Kozar, D.O., Donald N. Nagler, M.D., Lloyd J. Helder, M.D., Gilbert Klickstein, M.D., Daniel P. Radowski, M.D., Victor B. Lebedovych, M.D., Glenn E. Lowery, Zachary Kanjuparamban, M.D., Davis Clinic and Central Michigan Community Hospital. MCR 2.116(C)(10). Defendant John M. Lowenbergh, M.D., was dismissed by stipulation.

This controversy arose out of the termination of plaintiff's staff privileges at defendant Central Michigan Community Hospital. A brief synopsis of relevant procedural facts was set forth in this Court's earlier opinion:

> Plaintiff is a medical doctor specializing in obstetrics and gynecology. Defendant Central Michigan Community Hospital is a private community hospital and a Michigan non-profit corporation. Defendant Lowery is the administrator of the hospital.
>
> Plaintiff had staff privileges at the hospital for upwards of twenty years. He was advised on or about November 7, 1983, that his privileges were being suspended and that he had a right to a hearing, which was set for November 15, 1983. The action was taken pursuant to a recommendation of the hospital's Medical Executive Committee, which in turn was based on audits which had found substandard care by plaintiff. The notice cited over 400 cases of alleged inappropriate conduct extending over a period of more than four years. On November 9, 1983, plaintiff received an amended notice which listed over 300 cases.
>
> Plaintiff filed an application in the circuit court for a restraining order and an order to show cause why a temporary injunction should not be entered until the complaint could be heard. The complaint alleged that plaintiff was being denied procedural

due process under the federal and state constitutions. The restraining order was granted and a hearing was set to determine whether an injunction should issue.

Defendants moved for accelerated judgment. The trial court granted the motion, finding that it lacked subject-matter jurisdiction to review a private hospital's decision to suspend a staff physician's privileges. Plaintiff appeals. [*Veldhuis v Central Michigan Community Hospital,* 142 Mich App 243, 244-245; 369 NW2d 478 (1985), lv den 422 Mich 970 (1985).]

This Court affirmed, holding that there is no judicial review of a private hospital's decisions on staff privileges or of the method by which hospital personnel reach such decisions. 142 Mich App 247.

Prior to this Court's decision, the hospital board of trustees had revoked plaintiff's staff privileges. After issuance of this Court's decision, plaintiff commenced the instant lawsuit. In addition to hospital administrator Lowery, the individual defendants are physicians who had staff privileges at defendant hospital and were members of the medical executive committee of the hospital or members of the fair hearing committee which conducted an evidentiary hearing and which filed a report with the medical executive committee recommending that, unless an acceptable method of monitoring plaintiff's judgments and procedures could be developed, his privileges should be revoked. Several of the individual defendants are associated with defendant Davis Clinic in Mt. Pleasant. As chairperson of the Ob/Gyn department of the hospital, defendant Allan submitted a request to the medical executive committee that plaintiff's privileges be revoked. Defendant Allan also testified at the fair hearing and, pursuant to the medical staff by-laws, was a member of the

medical executive committee which recommended to the board of trustees that plaintiff's privileges be revoked.

In his multicount complaint, plaintiff alleged the "malicious" nature of defendants' conduct in the steps leading to revocation of his staff privileges. Citing MCL 331.531; MSA 14.57(21), the court granted defendants' motions for summary disposition, finding no genuine issue of material fact. MCR 2.116(C)(10). We affirm.

The function of a motion for summary disposition under MCR 2.116(C)(10), is well established:

> A motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), asserts that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Such a motion should not be granted when there is an issue of material fact, since the motion tests the factual support for plaintiff's claim. The trial court must consider the affidavits submitted, pleadings, depositions, admissions and documentary evidence. The opposing party must show that a genuine issue of disputed facts exists. *The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ.* This Court is liberal in finding a genuine issue of material fact. *Langlois v McDonald's Restaurants of Michigan, Inc,* 149 Mich App 309, 314; 385 NW2d 778 (1986). [*Meeka v D & F Corp,* 158 Mich App 688, 690-691; 405 NW2d 125 (1987). Emphasis supplied.]

Plaintiff argues that his claims are not barred because the defendants acted with malice. He relies on the malice exception to the immunity conferred upon persons and review entities under MCL 331.531; MSA 14.57(21):

> A person, organization, or entity may provide

information or data relating to the physical or psychological condition of any person, or the necessity, appropriateness, or the quality of health care rendered to any person, to any review entity. Review entity means a duly appointed peer review committee of the state, of a state or county association of health care professionals, of an officially constituted health care facility, or of a health care association; a professional standards review organization qualified under federal or state law; a foundation or organization acting pursuant to the approval of a state or county association of health care professionals; or a state department or agency whose jurisdiction encompasses such information. Liability of any kind shall not arise or be enforced against any person, organization, or entity by reason of having provided such information or data; by reason of any act or communication within its scope as a review entity; or by reason of having released or published the proceedings, reports, findings, or conclusions of the review entity subject to the limitations of sections 2 and 3. *The immunity in this section shall not apply to a person, organization, or entity that acts with malice.* [Emphasis supplied.] ·

We agree with defendant Davis Clinic that the definition of malice applicable in defamation actions also seems appropriate in the context of MCL 331.531; MSA 14.57(21). See *Regualos v Community Hospital,* 140 Mich App 455, 463; 364 NW2d 723 (1985), lv den 423 Mich 861 (1985), citing *Lins v Evening News Ass'n,* 129 Mich App 419; 342 NW2d 573 (1983). Applying that definition, the statutory immunity does not apply only if the person supplying information or data does so with knowledge of its falsity or with reckless disregard of its truth or falsity. 129 Mich App 432. Similarly, a review entity is not immune from liability if it acts with knowledge of the falsity, or with reckless

disregard of the truth or falsity, of information or data which it communicates or upon which it acts.

In this case, plaintiff presented no evidentiary support for his allegations of malice. In contrast to the voluminous evidence supporting defendants' claims that their actions were based on numerous instances of serious deficiencies in plaintiff's medical judgment, plaintiff offered only speculation concerning defendants' alleged nefarious motives. There was no evidence that false information was ever knowingly presented or that defendants acted in reckless disregard of the truth or falsity of the information which they presented or upon which they relied.

As in *Regualos, supra* at 463, the record in this case "reveals that the physicians responsible for reviewing plaintiff's case in the intrahospital proceedings fair-mindedly sought to assess plaintiff's competency." The procedures set forth in the by-laws were followed in the consideration of plaintiff's case. Three outside experts conducted extensive reviews of plaintiff's files; they found serious problems of substandard care as evidenced primarily by numerous unjustified Caesarean sections, exploratory laparotomies, uterine suspensions and multiple surgeries. To the extent plaintiff complains of the decision of the board of trustees to revoke plaintiff's privileges rather than to direct that he be monitored, judicial review is not available. *Veldhuis v Central Michigan Community Hospital, supra* at 247.

We find that the record which might be developed would not justify reasonable minds in concluding that defendants acted with malice. The order granting summary disposition to defendants is affirmed.

Affirmed.