968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Felipe H. REGUALOS, Jr., M.D., Plaintiff-Appellant,
v.
COMMUNITY HOSPITAL ASSOCIATION, a Michigan Non-profit
corporation; Battle Creek Health System, a
Michigan Non-profit corporation,
Defendants-Appellees.
 No. 92-1001.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MERRITT, Chief Judge; and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Felipe H. Regualos, Jr., M.D., appeals an order of the district court denying his motion for reconsideration in this civil rights action initiated pursuant to Title VII, 42 U.S.C. §§ 1981 and 1983, and 42 U.S.C. § 11112, a provision contained in the Health Care Quality Improvement Act of 1986 ("HCQIA"). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 For the sake of brevity, the relevant facts as they pertain to the instant case are as follows: Dr. Regualos is a medical doctor licensed to practice in the State of Michigan. Defendants Community Hospital Association and Battle Creek Health System operate Community Hospital (Community) in Battle Creek, Michigan. From December of 1969 until December 31, 1986, Dr. Regualos enjoyed privileges at Community.
 
 
 3
 Effective January 1, 1987, Dr. Regualos's insurance carrier reduced its upper level of coverage for doctors in Michigan below the limits required by the defendants. Other carriers declined to issue a policy to Dr. Regualos because of the termination of his temporary pulmonary function testing privileges which had occurred in 1980. See Regualos v. Community Hospital, 140 Mich.App. 455, 364 N.W.2d 723 (1985). As a result of his inability to secure adequate malpractice coverage, defendants suspended Dr. Regualos's internal medicine privileges. Subsequent appeals upheld this decision.
 
 
 4
 On December 28, 1989, Dr. Regualos filed a five count complaint against defendants, Community Hospital Association and Battle Creek Health System, in the District Court for the Western District of Michigan. In Count I, he alleged that defendants violated Title VII of the Civil Rights Act of 1964 by retaliating against him for filing a claim of discrimination. In Count II, he alleged a second violation of Title VII for discrimination on account of his race and national origin. In Count III, he asserted that defendants violated 42 U.S.C. § 1981 by failing to provide him requested information on account of his race and national origin. In Count IV, Dr. Regualos claimed that the same failure to provide information violated 42 U.S.C. § 1983. Finally, in Count V, he alleged that defendants violated 42 U.S.C. § 11112 by denying him due process rights.
 
 
 5
 On June 6, 1991, defendants submitted a motion for summary judgment. The district court, finding no genuine issue of material fact and no legal basis for Dr. Regualos's claims, granted defendants' motion and dismissed all counts in an opinion filed August 7, 1991, and judgment entered August 9, 1991.
 
 
 6
 Thereafter, on September 6, 1991, Dr. Regualos filed a motion for reconsideration. The district court denied the motion in an order entered October 29, 1991.
 
 
 7
 On appeal, Dr. Regualos seeks review of the August 9, 1991, summary judgment. Fed.R.App.P. 4(a) provides that "[i]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal ... shall be filed with the clerk of the district court within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Compliance with the time requirement of Rule 4(a)(1) is mandatory and jurisdictional. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988); Cherokee Express, Inc. v. Cherokee Express, Inc., 924 F.2d 603, 608 (6th Cir.1991). The notice of appeal was filed on November 27, 1991, 110 days after entry of the original judgment. Thus, unless the time period was tolled, this court is without jurisdiction to consider an appeal from the August 9, 1991, judgment.
 
 
 8
 Dr. Regualos's September 6, 1991, motion for reconsideration did not state his intention to proceed under any specific Federal Rule of Civil Procedure and thus may be construed as either a motion to alter or amend the judgment of the district court pursuant to Fed.R.Civ.P. 59(e) or a motion for relief from judgment pursuant to Rule 60(b).
 
 
 9
 Although a motion to alter or amend the judgment of the district court pursuant to Fed.R.Civ.P. 59(e) is one of the motions enumerated in Fed.R.App.P. 4(a)(4) which will toll the time for an appeal, a 59(e) motion cannot act as a time tolling motion unless it was timely, i.e., "served not later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e); McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam) (Rule 59(e) motion shall be served within 10 days). In the instant case, Dr. Regualos's motion, if construed as a Rule 59(e) motion for reconsideration, was untimely and hence, could not toll the running of the time to appeal under rule 4(a).
 
 
 10
 In contrast to a motion pursuant to Fed.R.Civ.P. 59(e), a motion for relief from judgment under Fed.R.Civ.P. 60(b) "does not toll the time for appeal from, or affect the finality of, the original judgment." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); see also Peake v. First National Bank and Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Thus, even if Dr. Regualos's motion for reconsideration is construed as a Rule 60(b) motion, such a construction would not permit this court to exercise jurisdiction over an appeal from the August 9, 1991, judgment. Peake, 717 F.2d at 1020.
 
 
 11
 Dr. Regualos did, however, file his notice of appeal to this court within 30 days of the October 29, 1991, order of the district court. Therefore, this court may review the October 29, 1991, order to determine whether the district court abused its discretion in denying relief. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986) (lists factors to consider); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam); Peake, 717 F.2d at 1020.
 
 
 12
 Upon review, we conclude that the district court did not abuse its discretion in denying Regualos's motion for reconsideration. Rule 60(b) states:
 
 
 13
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered; (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party: (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 14
 In the instant case, Regualos basically reiterates his previous arguments. Rule 60(b) provides for relief in extraordinary circumstances. In re Salem Mortgage Co., 791 F.2d at 456. It is not a means by which a party dissatisfied with a judgment may obtain a rehearing of his case. Reviewing courts will find an abuse of discretion in the denial of a Rule 60(b) motion only if there is a definite and firm conviction that the court committed a clear error of judgment. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). No clear error of judgment on the part of the district court exists in this case.
 
 
 15
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.