LONG v CHELSEA COMMUNITY HOSPITAL

Docket No. 182219. Submitted June 11, 1996, at Lansing. Decided October 25, 1996, at 9:15 A.M.

Reuel S. Long, M.D., and his wife, Judith A. Long, brought an action in the Washtenaw Circuit Court against Chelsea Community Hospital and the members of the private hospital's board of trustees, alleging breach of contract, promissory estoppel, loss of consortium, and liability under MCL 331.531; MSA 14.57(21) concerning the termination of Dr. Long's employment by the hospital after he related various accusations of misconduct by the hospital's president to the board of trustees. The court, William F. Ager, J., granted summary disposition to the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 331.531; MSA 14.57(21), which provides immunity from civil and criminal liability to a person, organization, or entity that acts without malice in the reporting to or by a peer review entity information relating to the physical or psychological condition of a person, the necessity, appropriateness, or quality of health care rendered to a person, or the qualifications, competence, or performance of a health-care provider, does not provide a private cause of action. The statute does not expressly create a private cause of action, nor must a cause of action be inferred on the basis that the statute does not provide adequate means to enforce its provisions. The statute was designed to protect persons and entities from liability, not to create a right of action for malicious reporting to or by a peer review entity.

2. Where, as here, no violation of civil rights or state statute is asserted along with the claim of breach of contract for the termination of a medical staff member's employment by a private hospital, the private hospital's decision to terminate employment is not subject to judicial review in Michigan.

3. The claim of promissory estoppel is akin to a contractual claim, and judicial review of the claim of promissory estoppel is precluded by judicial nonintervention with a private hospital's decisions concerning medical staffing in the absence of an allegation of a violation of civil rights or state statute.

4. The claim of loss of consortium, being derivative of the primary claims, fails along with the primary claims in this case.
Affirmed.

1. HEALTH — PEER REVIEW ENTITIES — IMMUNITY FROM CIVIL AND CRIMINAL LIABILITY.

The statute that provides immunity from civil and criminal liability to a person, organization, or entity that acts without malice in the reporting to or by a peer review entity information relating to the physical or psychological condition of a person, the necessity, appropriateness, or quality of health care rendered to a person, or the qualification, competence, or performance of a health-care provider does not provide a private cause of action for malicious reporting (MCL 331.531; MSA 14.57[21]).

2. HOSPITALS — MEDICAL STAFFING — JUDICIAL REVIEW.

A claim of breach of contract relating to a decision concerning medical staffing by a private hospital, when not accompanied by a claim of a civil rights or statutory violation, is not subject to review by a Michigan court.

*Goodman, Eden, Millender & Bedrosian* (by *Richard A. Soble* and *Elizabeth A. Stafford*), for the plaintiffs.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Brian R. Garves*), for the defendants.

Before: YOUNG, P.J., and CORRIGAN and M. J. CALLAHAN,* JJ.

CORRIGAN, J. In this action alleging that a private hospital revoked medical staff privileges with malice, plaintiffs appeal by right the order granting defendants' motion for summary disposition under MCR 2.116(C)(8) and (C)(10). This case raises an issue of first impression: whether MCL 331.531; MSA 14.57(21)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

creates a private cause of action for malice. Because
no such cause of action exists, we affirm.

In 1979, plaintiff [1] Reuel S. Long, M.D., accepted
defendant Chelsea Community Hospital's offer to
become the Director of Anesthesia and Operating
Room Services, a staff position. Defendant hospital is
a nonprofit Michigan corporation and a private hospi-
tal. After Long joined the staff, he related various
accusations to the hospital board (the individual
defendants comprise the hospital's board)[2] about pur-
ported misconduct of defendant Willard H. Johnson,
then the hospital's president. In response, Johnson
allegedly sought to have Long removed from the staff
by changing the anesthesia services at the hospital.
The board ultimately voted to award an exclusive
contract for anesthesia services to Anesthesia Associ-
ates of Ann Arbor. Plaintiff was not associated with
the Ann Arbor anesthesiologists. Following that
award, the board voted to terminate plaintiff's posi-
tion in 1991.

Plaintiff then sued the hospital for, among other
things, wrongful discharge and breach of contract.
While that litigation was pending, the board voted to
terminate plaintiff's staff privileges at the hospital.
The hospital settled with plaintiff for $150,000; the
settlement specifically excluded any claims arising
from the termination of plaintiff's staff privileges.

Plaintiffs then filed a second action, alleging breach
of contract, promissory estoppel, loss of consortium,
and that defendants acted with malice under MCL

---

[1] Because plaintiff Judith Long's claims are derivative, "plaintiff" will
refer to Reuel S. Long, M.D., only.

[2] Defendants are referred to collectively in this opinion unless other-
wise noted.

331.531; MSA 14.57(21) (hereinafter § 531). Defendants moved for summary disposition rather than answering plaintiffs' complaint. The court determined that the statute upon which plaintiff relied did not give rise to a private cause of action for malice and noted that plaintiff had failed to support his allegation that defendants acted with malice. The court also declined to review plaintiff's breach of contract and promissory estoppel claims because it would interfere with the hospital's staffing decisions. The court granted defendants' motion, and plaintiff appeals.

Defendants brought their motion in part under MCR 2.116(C)(8). A summary disposition motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the pleadings alone. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). If no cause of action exists under the statute, then plaintiff has failed to state a claim for which relief may be granted, and summary disposition is appropriate because that count would be unenforceable as a matter of law and because no amount of factual development could possibly justify a right to recovery. *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

Plaintiff first asserts that defendants are not immune from liability because they acted with malice and contends that Michigan statutory law creates a private cause of action for malice under such circumstances. Whether a plaintiff has a cause of action under the statute presents a question of statutory interpretation. *Grand Traverse Co v Michigan*, 450 Mich 457, 463-464; 538 NW2d 1 (1995). Statutory interpretation is a question of law, which we review de

novo. *Dekoning v Dep't of Treasury*, 211 Mich App 359, 361; 536 NW2d 231 (1995).

When courts construe statutes, their primary goal is to ascertain and give effect to legislative intent. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993); *State Treasurer v Schuster*, 215 Mich App 347, 351; 547 NW2d 332 (1996). This Court should first look at the specific statutory language to determine the intent of the Legislature. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The Legislature is presumed to intend the meaning plainly expressed in the statute. *In re Austin Estate*, 218 Mich App 72; 553 NW2d 632 (1996). Judicial construction of a statute is not permitted where the plain and ordinary meaning of the language is clear. *Id.; Dep't of Treasury v Comerica Bank*, 201 Mich App 318, 322; 506 NW2d 283 (1993).

The statute at issue, MCL 331.531; MSA 14.57(21), provides:

(1) A person, organization, or entity may provide to a review entity information or data relating to the physical or psychological condition of a person, the necessity, appropriateness, or quality of health care rendered to a person, or the qualifications, competence, or performance of a health care provider.

(2) As used in this section, "review entity" means 1 of the following:

(a) A duly appointed peer review committee of the state, of a state or county association of health care professionals, of an officially constituted health care facility, or of a health care association.

\*     \*     \*

(3) A person, organization, or entity is not civilly or criminally liable:

(a) For providing information or data pursuant to subsection (1).

(b) For an act or communication within its scope as a review entity.

(c) For releasing or publishing a record of the proceedings, or the reports, findings, or conclusions of a review entity, subject to [MCL 331.532; MSA 14.57(22) and MCL 331.533; MSA 14.57(23)].

(4) The immunity from liability provided under subsection (3) does not apply to a person, organization, or entity that acts with malice.

Plaintiff argues that the statute creates a private right of action for malice under the present circumstances. The common law recognizes no cause of action for malice on these facts. If the common law provides no right to relief, and the right to such relief is instead provided by statute, then plaintiffs have *no* private cause of action for enforcement of the right *unless*: (1) the statute expressly creates a private cause of action or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions. *Bell v League Life Ins Co*, 149 Mich App 481, 482-483; 387 NW2d 154 (1986). It follows that courts must dismiss a private cause of action under a statute creating a new right unless the statute expressly created the private cause of action or the cause of action may be inferred because the statute does not provide adequate means to enforce its provisions. *Forster v Delton School Dist*, 176 Mich App 582, 585; 440 NW2d 421 (1989).

The statute does not expressly create a private cause of action for malice. Accordingly, the second

condition is in question here: whether a private cause of action may be inferred because the statute does not provide adequate means to enforce its provisions. As evidenced by the statutory language, § 531 provides immunity to entities unless they act with malice. The statute's implicit purpose is to protect the participants in the peer review process. Indeed, the statute offers immunity to entities for their actions involving peer review. The statute is not designed to provide a comprehensive scheme of enforcement of the rights and duties it creates for the simple reason that it creates no right of action for malice. The statute is designed to protect entities from liability, not to create a new right of a private cause of action for malice. Accordingly, whether the statute provides adequate means to enforce its provisions regarding malice is not at issue here.

Moreover, recognition of a private cause of action for malice under the statute would frustrate and undermine the legislative purpose of providing immunity. A court's decision regarding private rights of action must be consistent with legislative intent while furthering the Legislature's purpose in enacting the statute. *Gardner v Wood*, 429 Mich 290, 301; 414 NW2d 706 (1987). The Legislature plainly did not intend to create a private cause of action. Its intent to confer certain immunities would be frustrated if this Court distorted its careful choice of language by recognizing a private cause of action for malice. We decline to recognize such a private cause of action under the statute. Accordingly, plaintiff has no cause of action for malice, and the circuit court correctly granted summary disposition to defendants.

Plaintiff next alleges that this Court previously has reviewed such malice claims, citing *Veldhuis v Allan*, 164 Mich App 131; 416 NW2d 347 (1987), and *Regualos v Community Hosp*, 140 Mich App 455; 364 NW2d 723 (1985). Plaintiff contends that those cases support the availability of private causes of action under § 531. Contrary to plaintiff's argument, neither case held that a private cause of action exists. In *Veldhuis*, this Court ruled that the plaintiff failed to present evidentiary support for the malice allegations. *Veldhuis, supra* at 137. Similarly, in *Regualos*, this Court found that the plaintiff had not provided clear and convincing proof needed to establish a genuine issue of material fact regarding actual malice. *Regualos, supra* at 462-463. The above rulings do not establish that the statute permits a private cause of action for malice. Accordingly, those cases do not constitute a basis for plaintiff's claim in this case. Plaintiff's reliance on *BF Farnell Co v Monahan*, 377 Mich 552; 141 NW2d 58 (1966), is likewise misplaced. *Farnell* applies to statutes that set forth criminal penalties; the statute at issue here does not invoke criminal penalties.

Plaintiff next asserts that the court prematurely granted summary disposition to defendants under MCR 2.116(C)(10), contending that he was entitled to conduct discovery before the court granted the motion. Given the above reasoning, we need not address this issue.[3]

---

[3] We note, however, that at oral argument, defendants' counsel conceded that defendants had made an agreement with plaintiff not to advance discovery until after the court heard their motion under MCR 2.116(C)(8). In view of the parties' agreement, plaintiff should not be faulted for not conducting discovery.

Plaintiff next asserts that the court did not accept his factual allegations as true. A review of the circuit court's opinion, however, indicates that the court did accept plaintiff's allegations as true. Plaintiff's claim on this issue is thus without merit. Additionally, the court rule requires the moving party to substantiate its allegations. MCR 2.116(G). Therefore, the court correctly found that plaintiff's "bald assertion" that defendants' true motivation was to retaliate and to silence him was insufficient to survive defendants' motion for summary disposition.

Additionally, plaintiff states that defendants had a binding contractual obligation to hold a hearing and to find that plaintiff was incompetent before terminating his employment. In their motion for summary disposition, defendants produced the affidavit of defendant Johnson, who averred that the hospital is a private hospital. Courts may not review a private hospital's staffing decisions. *Sarin v Samaritan Health Center*, 176 Mich App 790, 795; 440 NW2d 80 (1989); *Regualos, supra* at 461; *Hoffman v Garden City Hosp*, 115 Mich App 773; 321 NW2d 810 (1982); *Muzquiz v W A Foote Memorial Hosp, Inc*, 70 F3d 422, 430 (CA 6, 1995). A private hospital is empowered to appoint and remove its members at will without judicial intervention. *Sarin, supra* at 792-793; *Hoffman, supra* at 778. A private hospital has the right to exclude any doctor from practicing within it. *Hoffman, supra* at 778-779.

The above law is limited to disputes that are contractual in nature. We decline to articulate a broad principle that a private hospital's staffing decisions may *never* be judicially reviewed. Indeed, in doing so, we reiterate the proposition from *Sarin* that, under

some circumstances, a court may consider a hospital's decisions without violating the nonreviewability principle. *Sarin, supra* at 795. Private hospitals do not have carte blanche to violate the public policy of our state as contained in its laws. Had plaintiff in this case asserted that defendants violated state or federal law, we may have chosen to review his claim. In this case, however, plaintiff did not assert a violation of civil rights or a violation of a state statute. The same is true in some of the cited cases.[4]

Further, previous decisions support this reasoning. In *Hoffman, supra,* this Court quoted with approval the proposition that hospital authorities may refuse to appoint a physician to its medical staff, may decline to renew an expired contract, and may exclude a physician from practicing in the hospital—all without judicial review of those decisions. *Hoffman, supra* at 779. That principle does not, however, permit hospital authorities to act contrary to state or federal law. Moreover, although the *Hoffman* Court refused to review the hospital's staffing decisions, the Court nonetheless examined the plaintiffs' claims of restraint of trade under MCL 445.762; MSA 28.62. *Id.* at 779. Likewise, in *Muzquiz,* the Court refused to review the plaintiff's breach of contract claim under the nonreviewability standard in *Sarin,* but separately

---

[4] For example, in *Regualos, supra,* the plaintiff asserted that the defendant hospital should not have terminated his staff privilege to interpret pulmonary function tests and argued that the hospital did not follow proper procedure in doing so. The plaintiff did not raise issues in addition to his contract claims. The *Sarin* plaintiff raised strictly breach of contract claims, alleging a violation of hospital bylaws, tortious interference with his contract, and tortious interference with advantageous business relationships. *Sarin, supra* at 791-792.

reviewed his claims of discrimination contrary to state and federal law. *Muzquiz, supra* at 429-430.

Plaintiff further argues that his claim is not a constitutional due process argument, but rather is based on a breach of defendants' bylaws, and thus this Court should review it. Plaintiff's claim on this issue fails in light of *Sarin*. A breach of contract and breach of bylaws claim would necessarily invoke a review of the hospital's decision to terminate its employees. *Sarin, supra* at 794. This Court in *Sarin* determined that the review of such claims would intervene in a hospital's decisions and would interfere with the peer review process. Thus, this Court refused to review the claims of the *Sarin* plaintiff, reiterating that judicial review of a private hospital's decision to deny staff privileges to a physician was not available. *Id.* at 795.

Plaintiff next argues that his circumstances fall within the exception outlined in *Sarin*: "[T]here may be some situations where a court should be able to consider a hospital's action without violating the principle of nonreviewability . . . ." *Id.* Because plaintiff failed to provide a copy of the bylaws required under MCR 2.113(F)(1), this Court has no way of reviewing whether the exception applies. This Court is limited to reviewing the record presented to the lower court. MCR 7.210(A); *Amorello v Monsanto Corp*, 186 Mich App 324, 330; 463 NW2d 487 (1990).

Regarding plaintiff's promissory estoppel claim, a claim of promissory estoppel is akin to a contract claim. *State Bank of Standish v Curry*, 442 Mich 76, 83-84; 500 NW2d 104 (1993). Therefore, the rules from *Sarin, supra,* and *Hoffman, supra,* where this Court has expressed its reluctance to review a private hos-

pital's staffing decisions, preclude review of this claim.

Plaintiff finally claims that the circuit court should not have dismissed Judith Long's loss of consortium claim. A derivative claim for loss of consortium stands or falls with the primary claims in the complaint. *Moss v Pacquing*, 183 Mich App 574, 583; 455 NW2d 339 (1990). Because plaintiff's other claims failed, the loss of consortium claim must likewise fail.

Affirmed.