# STATE OF MICHIGAN

# COURT OF APPEALS

ALEKSANDER HUK and MALGORZATA HUK,

        Plaintiffs-Appellants,

v

GOLFPOINTE VILLAGE CONDOMINIUM
ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
July 16, 2015

No. 319822
Macomb Circuit Court
LC No. 2012-004662-NO

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Plaintiffs, Aleksander Huk and Malgorzata Huk, appeal as of right an order granting summary disposition of their premises liability and loss of consortium claims against defendant, Golfpointe Village Condominium Association, where they owned a condominium and where Aleksander allegedly was injured in a fall when riding his bicycle. We affirm.

Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition of their common-law premises liability claim on the basis that the dangers alleged were open and obvious. We disagree.

The trial court granted summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013).

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. [*Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014) (citations omitted).]

In a premises liability case, the duty that an owner or possessor of land owes to a visitor depends on the status of the visitor at the time of the injury. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000); *Stanley v Town Square Coop*, 203 Mich App 143, 146-147; 512 NW2d 51 (1993). A visitor can be a trespasser, a licensee, or an invitee,

*Stitt*, 462 Mich at 596, depending upon the purpose of the landowner or premises possessor in inviting the visitor onto the premises, *Sanders v Perfecting Church*, 303 Mich App 1, 4-5; 840 NW2d 401 (2013). Although the parties dispute whether Aleksander was a licensee or an invitee, it is unnecessary to decide that question because, regardless of his status, the open and obvious danger doctrine applied to bar his claim.

An open and obvious danger apprises the plaintiff of the full extent of the risk involved. *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403; ___ NW2d ___; 2014 WL 6909610, p 3 (2014); *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 67; 680 NW2d 50 (2004). As this Court explained in *Bullard*, 2014 WL 6909610, p 3:

> "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." [*Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012).] This standard is an objective, not subjective, one, and requires "an examination of the objective nature of the premises at issue." *Id*. (quotation marks and citation omitted). "The objective standard recognizes that a premises owner is not required to anticipate every harm that may arise as a result of the idiosyncratic characteristics of each person who may venture onto his land." *Id*. at 461 n 15.

Plaintiffs argue that the deteriorating condition of the road and the presence of gravel made it unreasonably dangerous. There is no question of fact that an average person of ordinary intelligence would have discovered these alleged dangers upon casual inspection. Defendant's president testified that the roads in the complex were repaired annually after the winter. Before Aleksander's fall, the deterioration that allegedly caused the fall had been observed during a walk-through of the complex and was marked with paint to make it stand out for scheduled repairs. Despite Aleksander's testimony that he only saw the pothole that he swerved to avoid just before his accident and he did not recall seeing the gravel upon which his tire allegedly slipped, Aleksander admitted that he had previously observed the road's deterioration, which he described as potholes surrounded by gravel. Plaintiffs even complained to each other about the condition of defendant's roads.

On appeal, plaintiffs attempt to create a question of fact regarding the open and obvious nature of the alleged dangers by claiming that the gravel could have been mistaken for an asphalt patch. Although the record demonstrates that asphalt patchwork had been done previously for defendant, no facts demonstrate that patchwork and loose gravel were indistinguishable upon casual inspection. Moreover, Aleksander did not testify that he was unable to make such a distinction. Plaintiffs' argument is unpersuasive.

Similarly, plaintiffs note that, in the pictures of the area where Aleksander fell, there was no obvious gravel. Again, plaintiffs' argument is unpersuasive because the pictures do not reflect what a casual inspection would have revealed at the time of the fall. Rather, they were taken after repairs had already begun.

Plaintiffs also argue that the presence of the pothole, which Aleksander allegedly turned to avoid, made the gravel surrounding the pothole an unavoidable, unreasonable risk.

"[L]iability does not arise for open and obvious dangers unless special aspects of a condition make even an open and obvious risk unreasonably dangerous. This may include situations in which it is 'effectively unavoidable' for an invitee to avoid the hazard posed by such an inherently dangerous condition." *Bullard*, 2014 WL 6909610, p 3 (italics, quotation marks, and citation omitted).

> "Unavoidability is characterized by an inability to be avoided, an inescapable result, or the inevitability of a given outcome." An effectively unavoidable hazard, therefore, "must truly be, for all practical purposes, one that a person is required to confront under the circumstances." Put simply, the plaintiff must be "effectively trapped" unless he faces the hazard. [*Id*. at 4 (italics and citations omitted).]

"As an example . . . if an open and obvious hazard exists at the only exit of a commercial building, leaving the building would require an invitee to encounter the risk of harm without any alternative." *Joyce v Rubin*, 249 Mich App 231, 241-242; 642 NW2d 360 (2002). In contrast, here, Aleksander was not trapped and he admitted that the alleged danger was avoidable. He could have used the sidewalk or gotten off the bicycle and walked around the alleged danger.

In sum, there is no genuine issue of material fact that the alleged dangers were open and obvious. Therefore, the trial court properly granted defendant's motion for summary disposition of the common-law premises liability claim in plaintiffs' complaint.

Plaintiffs also argue that the trial court erred by granting defendant's motion for summary disposition of their claim that defendant had statutory duties of care, which are not barred by the open and obvious danger doctrine. See *Benton v Dart Props, Inc*, 270 Mich App 437, 441; 715 NW2d 335 (2006) (the open and obvious doctrine does not operate to deny liability when the defendant has a statutory duty to maintain the premises in reasonable repair). We disagree.

Plaintiffs first argue that defendant had a statutory duty under the landlord-tenant relationship act, MCL 554.131 *et seq*. In particular, MCL 554.139 provides, in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

"When a statute's language is clear and unambiguous, we must apply the terms of the statute to the circumstances of the particular case . . . and we will not read words into the plain language of the statute." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 410-411; 809 NW2d 669 (2011). As the trial court found, the plain language of MCL 554.139 applies to leases

and licenses of residential premises; it does not impose a duty upon a condominium association when dealing with condominium owners. Contrary to plaintiffs' argument, the mere fact that common-law duties of a landlord have been imposed on condominium associations in some nonbinding case law does not create a separate statutory duty under this act.

In addition, plaintiffs cite the following provision from the Condominium Act:

> A person or association of co-owners adversely affected by a violation of or failure to comply with this act, rules promulgated under this act, or any provision of an agreement or a master deed may bring an action for relief in a court of competent jurisdiction. The court may award costs to the prevailing party. [MCL 559.215(1).]

The plain language of MCL 559.215(1) merely provides a right to bring an action in court. It does not impose any statutory duty of care on defendant such that it applies to the claims brought in plaintiffs' complaint, which did not raise the Condominium Act as a basis for relief.

In sum, because plaintiffs failed to establish any statutory duty of care, the trial court properly granted defendant's motion to dismiss that portion of plaintiffs' complaint.[1] Plaintiffs' loss of consortium claim was also properly dismissed. See *Long v Chelsea Community Hosp*, 219 Mich App 578, 589; 557 NW2d 157 (1996), abrogated in part on other grounds by *Feyz v Mercy Memorial Hosp*, 475 Mich 663; 719 NW2d 1 (2006) (a derivative claim for loss of consortium can no longer stand when the primary claim fails).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter

---

[1] Absent proof of any duty of care, it is unnecessary to address plaintiffs' arguments regarding comparative negligence. See *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 99; 485 NW2d 676, 681 (1992) (only when a defendant's legal duty is established can a plaintiff's fault be compared with that of the defendant).